# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HOPE MELNICHUK,<br><br>                        Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No. 3:23-cv-00210-SLG |

## AMENDED SCREENING ORDER[1]

On September 18, 2023, self-represented litigant, Hope Melnichuk ("Plaintiff"), filed a Social Security Complaint seeking judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).[2] Plaintiff also filed an Application to Waive the Filing Fee (Non-Prisoner) and a Motion Requesting Volunteer Attorney.[3] Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4]

---

[1] Amended to correct the date of the July 2023 letter from Social Security and to clarify that Plaintiff must request and obtain an extension of time from the Appeals Council to proceed with this case.

[2] Docket 1.

[3] Dockets 2–3.

[4] Social security appeals are not exempt from the § 1915(e) screening requirement. *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited

In this screening, a court shall dismiss the case at any time if the court determines that the action:

>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the Court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists

---

to prisoners"); *Lopez v. Smith*, 203 F.3d 1126, 1129 (9th Cir. 2000), *overruled in part on other grounds* ("section 1915(e) applies to all in forma pauperis complaints").
[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [9]

## DISCUSSION

A claimant in a Social Security case must exhaust her administrative remedies before filing a Complaint in federal district court.[10] This means a claimant must receive a "final decision" from the Commissioner of Social Security ("Commissioner") before a district court can review the decision. In social security cases, this administrative review process generally consists of the following steps: (1) initial determination; (2) hearing before an Administrative Law Judge ("ALJ"); and (3) Appeals Council review.[11] A decision is "not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits."[12] For a federal court to review the final decision, a claimant must file the request within **60 days** after receiving notice of the decision or as otherwise allowed by the Commissioner.[13] Further, it is presumed that a claimant has

---

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] 42 U.S.C. §§ 405(a), 406(g).

[11] *See* 20 C.F.R. §§ 404.900, 416.1400.

[12] *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012). *See also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, … , the Council denies the request for review, the ALJ's opinion becomes the final decision."); *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (ALJ's decision became final decision of the Commissioner when Appeals Council denied request for review).

[13] *See* 42 U.S.C. § 405(g).

received an order five days after the date of the decision, unless the claimant demonstrates otherwise.

### A. 60-Day Time to File a Civil Action

Plaintiff attached to her Complaint a letter from the Social Security Administration dated July 21, 2023, informing her that the agency had enclosed copies of agency orders requested by Plaintiff. She also included the attachments to the letter, which include: (1) a copy of the SSA's Notice of Order of Appeals Council Dismissing Request for Review dated January 6, 2023; and (2) a copy of the ALJ's Notice of Unfavorable Decision dated March 2, 2021.[14] Construing the Complaint liberally, it appears Plaintiff seeks to appeal the Appeals Council's decision dismissing her request for review. However, the Appeals Council's Notice and Order are dated January 6, 2023, and Plaintiff has not demonstrated that she did not receive the Notice and Order within five days of that date.[15] As such, Plaintiff's action appears to be untimely and cannot proceed unless Plaintiff requests and obtains an order from the Appeals Council that grants her an extension of time to file a civil action.

---

[14] Docket 1-1 at 1–20.

[15] 42 U.S.C. § 405(g). Of note, the Notice and Order of January 6, 2023 and the letter of July 23, 2023, were both sent to the same post office box of Plaintiff.

Case No. 3:23-cv-00210-SLG
Amended Screening Order
Page 4 of 9
Case 3:23-cv-00210-SLG   Document 6   Filed 09/25/23   Page 4 of 9

The Appeals Council Notice and Order notified Plaintiff of the necessary steps in the event she disagreed with the Appeals Council's decision. Specifically, the SSA letter to Plaintiff directed:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start from the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.[16]

The Notice and Order also notified Plaintiff that any request for an extension of time must be mailed to the Appeals Council at:

> Office of Appellate Operations
> 5107 Leesburg Pike
> Falls Church, VA 22041-3255
> Telephone: (877) 670-2722

Therefore, the Court accords Plaintiff **60 days from the date of this order** to either: (1) provide proof that she has requested an extension of time to file a civil action from the Appeals Council and the Appeals Council has granted the extension request; or (2) file a Notice of Voluntary Dismissal, dismissing this case before this Court. In the event Plaintiff does not timely respond as outlined herein, Plaintiff's case will be dismissed without further notice.

---

[16] Docket 1-1 at 9.

**B. Motion to Appoint Counsel**

A litigant has no federal right to an appointed attorney in a civil action.[17] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary. In order to request counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[18]

Without these factors, there are no "exceptional circumstances" under which the Court may request counsel for a civil litigant pursuant to 28 U.S.C. § 1915(e)(1).[19] Here, the Court cannot determine at this stage of the proceedings whether Plaintiff is likely to succeed on the merits. Nor is it unclear that Plaintiff is unable to articulate her claims. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that

---

[17] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[18] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).

[19] *Id*.; *Palmer*, 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

time. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 3 is **DENIED without prejudice.**

If Plaintiff needs assistance, she may contact any Social Security or hearing office. The national telephone number of the Social Security Administration is: 1(800) 772-1213. The local office in Anchorage is located at Room A11, 222 W. 8th Avenue, Anchorage, Alaska 99513 and the telephone number is: 1(866) 772-3081. She may also seek legal representation on her own. The telephone number of the Disability Law Center of Alaska is (800) 478-1234 and the website is www.dlcak.org. The telephone number for the Anchorage office of Alaska Legal Services is (888) 478-2572 and the website is www.alsc-law.org.

### C. Application to Waive the Filing Fee

In order to properly commence a civil action, a litigant must either pay the filing fee of $402.00 or file an application to waive the filing fee.[20] A court may not simply waive the filing fee it must review an application in order to make an appropriate factual finding.[21]

In this case, Plaintiff's Application to Waive the Filing Fee at Docket 2 is incomplete. She did not adequately answer any of the questions regarding her

---

[20] Local Civil Rule 3.1(c).

[21] *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I. 1984) (citation omitted) (In considering an IFP application, "the same even-handed care must be employed to assure that federal funds are no squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.").

income or assets.[22] Although Plaintiff does state that she receives medical assistance and food stamps in the Financial Affidavit filed at Docket 4, Plaintiff states that the amount received is $0.00.[23] Because the application is incomplete, the Court cannot determine whether it may properly waive the filing fee for Plaintiff. In other words, Plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'"[24] Accordingly, Plaintiff's Application to Waive the Filing Fee at Docket 2 is **DENIED without prejudice**. In the event Plaintiff is able to provide evidence of the Appeals Council's extension of time to file a civil action and chooses to pursue her claims, Plaintiff must file a new, completed application. The Clerk of Court shall include form AO240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), with the words "AMENDED" at the top, along with a copy of this Order.

**IT IS HEREBY ORDERED:**

1. Plaintiff will be given **60 days,** until **November 22, 2023,** to:

    a. **Submit evidence of when she first received the Notice and Order and evidence that the Appeals Council has granted Plaintiff's**

---

[22] Income includes the Alaska Permanent Fund Dividend, which is received by most Alaskans.

[23] Dockets 2, 4.

[24] *Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981)).

**request for an extension of time to file a civil action.** Plaintiff does not need to file a new Complaint; **or**

b. File a Notice of Voluntary Dismissal, which would inform the Court that Plaintiff no longer wishes to pursue this lawsuit. This would dismiss the entire action.

2. Plaintiff's Application to Waive Payment of the Filing Fee, at Docket 2, is **DENIED without prejudice**.

3. Plaintiff's Motion Requesting Volunteer Attorney, at Docket 3, is **DENIED without prejudice**.

4. The Clerk of Court will send Plaintiff a form PS09 Notice of Voluntary Dismissal and an AO240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).

DATED this 25th day of September 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE